STANLEY BREZINSKI, Plaintiff-Appellant, v. VIJAY VOHRA *et al.*, Defendants (Ralph Otto, Defendant-Appellee).

First District (1st Division)   No. 1—92—2278

Opinion filed March 14, 1994.

William T. Regas, of Park Ridge, for appellant.

Rooks, Pitts & Poust, of Chicago (Thomas R. Hill and Diane Sheehy Sebold, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

In this appeal, we are asked to review the propriety of the circuit court's dismissal of a medical malpractice action pursuant to Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) We vacate the order and remand the case to the circuit court for further proceedings.

On April 24, 1990, plaintiff, Dr. Stanley Brezinski, filed a medical malpractice action against several defendants, including Dr. Ralph

Otto, the only defendant involved in this appeal. The complaint alleged negligence on the part of all defendants in their treatment of plaintiff's arm on April 25, 1988.

On the same day that plaintiff filed his complaint, he also had the sheriff issue a summons as to all defendants. The sheriff's return of service, dated April 26, 1990, indicated that service was attempted at Dr. Otto's office in Evanston, but that he was "not served." The return also bears the notation "no regular hours." On June 20, 1990, plaintiff issued an alias summons as to all the defendants who were unserved, including Dr. Otto. Again, the sheriff attempted service at Dr. Otto's Evanston office, and, again, Dr. Otto was "not served." The sheriff's return indicates that Dr. Otto "does not have office hours— by appointment only."

On February 15, 1991, another alias summons was issued as to the two defendants still not served, including Dr. Otto. The sheriff's return indicates that service was attempted at Dr. Otto's Evanston office during the period between February 22 and March 7, 1991, and that Dr. Otto "was rarely in his office—no schedule."

Plaintiff took no further action in attempting to serve Dr. Otto until an alias summons was issued on February 14, 1992. This final alias summons listed both Dr. Otto's Evanston office and his residence in Wilmette as the addresses to be served. Dr. Otto was served at his home on February 23, 1992.

Dr. Otto filed a motion to dismiss plaintiff's claims against him, arguing that plaintiff failed to exercise reasonable diligence in serving him as is required by Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) Attached to the motion was an affidavit in which Dr. Otto swore that he had maintained an office at the Evanston address listed on the summons. He also swore that he had lived in Winnetka until September 1991. This address was listed in the north suburban telephone directory. In November 1991, Dr. Otto moved to the Wilmette address where he was ultimately served. Dr. Otto stated that his new address was available through "directory assistance" and was to be published in the next telephone directory.

Plaintiff's response to the motion included the affidavit of his attorney, William T. Regas. Regas swore that during the period between February 15, 1990, and August 1991, his associate, Steven Hamill, had handled plaintiff's case. According to Regas, Hamill left the office in August 1991 and was not replaced until February 5, 1992. During this period, Regas was "shorthanded."

Following a hearing on the motion, the trial judge dismissed the action as to Dr. Otto, finding that the plaintiff had failed to exercise due diligence in serving Dr. Otto.

■ Plaintiff contends that the circuit court improperly granted Dr. Otto's *motion to dismiss.* Supreme Court Rule 103(b) provides:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action *** may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the *court's own motion.*" (134 Ill. 2d R. 103(b).)

Although the rule does not state a specific time limitation within which a defendant must be served, our supreme court has recognized that the essential purpose of the rule is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 555 N.E.2d 719.) Thus, the rule protects defendants from unnecessary delay in the service of process and prevents the circumvention of the statute of limitations. (*Segal*, 136 Ill. 2d at 286.) The plaintiff bears the burden of showing reasonable diligence in service of process. (*Segal*, 136 Ill. 2d at 286.) Dismissal under this rule is within the sound discretion of the trial court. *Segal*, 136 Ill. 2d at 286.

The supreme court has identified several factors which a court may consider in determining whether to grant Rule 103(b) relief. These include, but are not limited to, the length of time used to obtain service of process, the activities of plaintiff, plaintiff's knowledge of defendant's location, the ease with which defendant's whereabouts could have been ascertained, actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service, special circumstances which would affect plaintiff's efforts, and actual service on defendant. (*Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 377, 561 N.E.2d 25; *Segal*, 136 Ill. 2d at 287.) However, actual notice or knowledge of the lawsuit combined with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b). (*Womick*, 137 Ill. 2d at 377.) All factors must be considered in light of the purpose of Rule 103(b). *Segal*, 136 Ill. 2d at 287.

■ The facts of this case reveal that the circuit court abused its discretion by granting Dr. Otto's motion to dismiss. We believe that plaintiff exercised reasonable diligence to obtain service on Dr. Otto. For instance, when plaintiff filed his complaint on April 24, 1990, he also on that date issued a summons, and the sheriff promptly made

an attempt to serve Otto at his office. The summons noted that the reason Dr. Otto had not been served was that he had "no regular hours." An immediate attempt to obtain service has been held to evince diligence on the part of a plaintiff. *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 516 N.E.2d 727.

Plaintiff issued an alias summons on June 20, 1990, and again unsuccessfully attempted to serve Dr. Otto. He also issued another alias summons in February 15, 1991, which was unsuccessful because Dr. Otto was "rarely in his office." Such an attempt at service at the same address was not unreasonable because there was no indication that this was not a correct address for Otto or that he should not be expected to be found at that location. Indeed, Dr. Otto's affidavit confirms that his office address was, in fact, the address at which plaintiff had asked the sheriff to attempt service; therefore, plaintiff cannot be faulted for not knowing Otto's whereabouts.

A plaintiff's efforts to obtain service through an alias summons are relevant to the question of reasonable diligence. (*Dupon*, 163 Ill. App. 3d at 455; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 937, 388 N.E.2d 1261.) The attempts at service made in the present case, though somewhat sporadic, are sufficient indicia of diligence in this case.

Furthermore, we are mindful that the overall period of time is but one factor to consider in determining whether an action should be dismissed for lack of diligence. The record indicates that, during the period in which Dr. Otto went unserved, plaintiff was not idly ignoring his case. Indeed, plaintiff was responding to six motions to dismiss the action brought by other defendants. These six motions were brought during a period from October 5, 1990, to February 1991. This court has held that activity of this type on plaintiff's part constitutes diligence within the context of a motion to dismiss pursuant to Supreme Court Rule 103(b). See *Cannon v. Dini* (1992), 226 Ill. App. 3d 82, 589 N.E.2d 653.

Finally, plaintiff argues that a special circumstance existed which bears on the question of his diligence. Plaintiff's attorney filed an affidavit in which he swore that he became "shorthanded" when the associate handling plaintiff's case left the firm. The associate left in August 1991, and no one replaced him on the case until February 1992, when the "inadvertent" lack of service was discovered. This circumstance, coupled with the other relevant factors noted above, supports plaintiff's arguments in favor of a finding of diligence. This also indicates that the failure to serve was inadvertent and not an attempt to circumvent the statute of limitations. Our supreme court has held that mere inadvertence does not justify the harsh penalty of

dismissal with prejudice under Rule 103(b). (See *Segal*, 136 Ill. 2d at 288.) This is so because the delay here did not occur under circumstances which served to "deny the defendants a 'fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible,' " an important focus in the inquiry. (See *Segal*, 136 Ill. 2d at 289, quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90.) For these reasons, the circuit court abused its discretion in ruling that plaintiff was not diligent.

The order of the circuit court is vacated, and the cause is remanded for further proceedings.

Reversed and remanded.

CAMPBELL, P.J., and BUCKLEY, J., concur.