MICHELLE D. JACOBO, Plaintiff-Appellee, v. ALISHA D. VANDERVERE, Defendant-Appellant.

Second District    Nos. 2—08—1104, 2—10—0192 cons.

Opinion filed May 19, 2010.

Keely Hillison and Amy E. Somor, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

Gary N. Foley and Lindsay J. Roalfs, both of Gary N. Foley, P.C., of Round Lake Beach, for appellee.

JUSTICE JORGENSEN delivered the opinion of the court:

On July 23, 2008, the trial court entered against defendant, Alisha D. Vandervere, a default in favor of plaintiff, Michelle D. Jacobo, on her complaint related to damages incurred in an automobile accident. On August 6, 2008, the court held a proveup hearing on plaintiff's damages and entered a default judgment in the amount of $10,219. On August 26, 2008, defendant moved pursuant to section 2—1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1301(e) (West 2006)) to vacate the default judgment. On October 21, 2008, after a hearing, the court denied defendant's motion to vacate.

Defendant appealed. On appeal, this court determined that we could not consider defendant's arguments because the record did not contain a transcript of the proceedings, a certified bystander's report, or an agreed statement of facts as required by Supreme Court Rule 323(c) (210 Ill. 2d R. 323(c)). *Jacobo v. Vandervere*, No. 2—08—1104, slip op. at 2 (2009) (unpublished order under Supreme Court Rule 23). Both defendant and plaintiff had submitted proposed bystander's reports for the trial court to certify, but the court did not do so because it could not recall the specific basis upon which it denied defendant's motion to vacate the default judgment. We concluded that Rule 323(c) does not provide the trial court the option of flatly denying certification of a bystander's report, and we remanded the cause for the preparation of a report of proceedings in conformance with Rule 323(c). *Jacobo*, slip op. at 3.

On February 25, 2010, defendant moved that this court reinstate her appeal, which had previously been fully briefed, asserting that, on January 18, 2010, the trial court certified a report of proceedings and, therefore, we may now consider the appeal's merits "on the previously filed briefs." We grant defendant's motion to reinstate the appeal and, for the following reasons, we affirm the trial court's denial of defendant's motion to vacate the default judgment.

## I. BACKGROUND

On remand, the following facts were certified by the trial court. On June 8, 2008, plaintiff filed her verified complaint, and a summons issued that same date. An affidavit of service reflected that defendant was personally served on June 27, 2008. The summons listed the return date as July 16, 2008, which was continued to July 23, 2008.

Defendant failed to appear on July 23, 2008, the court entered a default order, and the case was continued to August 6, 2008, for a proveup and the entry of a default judgment. On August 6, 2008, defendant did not appear and, after a proveup, a default judgment in the amount of $10,219 was entered against her.

On August 26, 2008, defendant moved to vacate the default judgment. On September 2, 2008, the court set a briefing schedule on defendant's motion to vacate. Plaintiff subsequently moved to strike defendant's motion to vacate and for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). Defendant filed, in addition to her response to the motion to strike, a countermotion for sanctions.

A hearing on all motions was scheduled for October 21, 2008. Before the hearing, the court reviewed "the court file and the motions, briefs, responses, and replies" that the parties had filed. At the hearing, no evidence was presented; rather, the attorneys argued the points raised in their motions and responses.

The court noted in the certified report of proceedings that "[n]either at the October 21, 2008[,] hearing [on the motion to vacate], nor in any of the motions did defendant's attorney claim that the defendant was not served, or that she had any valid reason for ignoring the three initial court dates and for taking no action from June 27, 2008[,] until August 26, 2008."

Additionally, the court noted that the attachments to plaintiff's motion to strike and for sanctions demonstrated that defendant's insurance carrier was aware of the pending litigation prior to both the entry of the default (on July 23, 2008) and the entry of the default judgment (on August 6, 2008). According to the court, a July 3, 2008, letter from defendant's insurance carrier to plaintiff's counsel noted: "I note the above file is now in suit. A review of the court file indicates that there [sic] service has been obtained on our insured to date."

The certified report of proceedings concludes that, on October 21, 2008, defendant's motion to vacate the default judgment was denied because the court did not find "any good cause shown for defendant's failure to take any action for nearly two months after being served and that vacating the default judgment would not be fair to the plaintiff." Defendant appeals.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by denying her section 2—1301(e) motion to vacate the default judgment. She argues that section 2—1301 allows a default judgment to be vacated when substantial justice so warrants. Here, defendant argues, substantial justice was not served because: (1) the penalty against her

is severe; (2) forcing plaintiff to proceed to trial would not result in attendant hardship; and (3) during the approximately 40 days between the original return date on the summons and defendant's filing of her motion to vacate, her insurance carrier was trying to settle the claim and had requested documentation of plaintiff's bills. Defendant argues that she "should not be punished for attempting to settle the matter," and she notes that, on August 6, 2008, the same day as the default judgment, plaintiff's counsel sent defendant's insurance carrier a letter inviting the carrier to present a counteroffer.

The parties debate whether section 2—1301(e) (setting aside of default judgments), as opposed to section 2—1203 of the Code (735 ILCS 5/2—1203 (West 2006)) (motions after judgment in nonjury cases), was the proper avenue for defendant's motion to vacate. As mentioned in our prior ruling in this case, for purposes of our review, the section of the Code under which defendant filed her motion is irrelevant because, under either section, we review the trial court's decision for an abuse of discretion. *Jacobo*, slip op. at 2, citing 735 ILCS 5/2—1301(e) (West 2006) (court may "in its discretion" set aside default judgment upon reasonable terms and conditions); *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008) (decision to grant or deny section 2—1301 motion is within sound discretion of trial court); *Regas v. Associated Radiologists, Ltd.*, 230 Ill. App. 3d 959, 967 (1992) ("A section 2—1203 motion invokes the sound discretion of the trial court"). We may find an abuse of discretion only where the trial court acted arbitrarily such that no reasonable person would take the position it adopted. *Jackson*, 384 Ill. App. 3d at 548-49.

Here, defendant asserts that substantial justice warrants that the default judgment be vacated. "Whether substantial justice is being achieved by vacating a judgment or order is not subject to precise definition, but relevant considerations include diligence or the lack thereof, the existence of a meritorious defense, the severity of the penalty resulting from the order or judgment, and the relative hardships on the parties from granting or denying vacatur." *Jackson*, 384 Ill. App. 3d at 549. We cannot conclude that the trial court here abused its discretion in determining that substantial justice did not require the default judgment to be vacated.

Defendant argues generally that it is unjust to enter judgment against a party without a trial on the merits. However, in light of the facts of this case, we cannot conclude on this basis alone that substantial justice was not served and that no reasonable person would take the trial court's position. According to the certified report of proceedings, defendant was properly served and failed to appear before the court on at least three occasions: on the summons' original return

date, on the continued return date, and at the proveup hearing. As the trial court noted, neither below nor on appeal does defendant argue that she was not served, that she had good cause for not appearing, or that she was not aware that she needed to appear (although even a lack of notice of a hearing date would not necessarily excuse the failure to appear (*Jackson*, 384 Ill. App. 3d at 549)). Thus, the court did not abuse its discretion in considering defendant's failure to appear, particularly in light of her insurance company's awareness of the suit as early as July 3, 2008, and her assertion that she was attempting to settle the case, as reflecting a lack of diligence. Indeed, even on appeal, defendant does not explain why her (or plaintiff's counsel's) attempts to settle the matter (or, as alleged in her motion to vacate, her attorney's alleged lack of notice of the suit until August 25, 2008) in any way excused her from personally appearing before the court. Defendant's argument that requiring plaintiff to proceed to trial would not result in hardship to her ignores that, in that case, plaintiff would necessarily incur additional litigation expenses. Therefore, we cannot conclude that the trial court abused its discretion in concluding that vacating the default judgment would be unfair to plaintiff who had, at that point, proved up her case and the resultant damages.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.