3--09--0689

Filed August 26, 2010

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| FRANK CHRISTIAN, | ) | Appeal from the Circuit Court |
| | ) | For the 10th Judicial Circuit |
| Plaintiff-Appellee, | ) | Peoria County, Illinois |
| | ) | |
| v. | ) | No.  09-L-42 |
| | ) | |
| LINCOLN AUTOMOTIVE COMPANY | ) | |
| and PENTAIR, INC., | ) | |
| | ) | Honorable |
| Defendants-Appellants. | ) | Joe Vespa, |
| | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff Frank Christian filed suit to recover damages for personal injury due to an allegedly defective hydraulic jack manufactured by the defendants, Lincoln Automotive Company and Pentair, Inc. The defendants filed a motion to dismiss based on a lack of diligence in Christian's service of process.  The trial court denied the defendants' motion and certified a two-part question for review by this court. We answer the trial court's certified question of law in the negative, and we affirm in part and reverse in part the trial court's ruling.

FACTS

On February 7, 2008, the plaintiff, Frank Christian, filed suit against defendants Lincoln Automotive and Pentair, Inc., alleging that on or about February 6, 2006, he was injured while using a hydraulic jack designed, manufactured and distributed by the defendants.  The parties agree that the first summons issued was directed to Lincoln Automotive and was issued on June 25, 2008.  The

address given on the summons was 5500 Wayzata Blvd. No. 800, Golden Valley, Minnesota. The summons was returned unserved on July 9, 2008. On the returned summons it was stated: "Return-Moved; Lincoln Automotive is no longer owned by Pentair. Apossible [*sic*] phone number is #866-236-0044. May also be known as Century Mfg." With the aid of new counsel, on March 3, 2009, an alias summons was again served on Lincoln at the same address. The service was successful. At the same time, a first summons was successfully served on Pentair, Inc.

The defendants filed a motion to dismiss for lack of diligence pursuant to Supreme Court Rule 103(b). Official Reports Advance Sheet No. 14 (July 4, 2007), R. 103(b*)*, eff. July 4, 2007. On May 27, 2009, the trial court entered an order denying the defendants' motion. The defendants moved for a reconsideration of the trial court's order or, in the alternative, permission to pursue an interlocutory appeal pursuant to Supreme Court Rule 308. 155 Ill. 2d R. 308. The trial court denied the defendants' motion to reconsider. However, the trial court did certify a two-part question for this court's review. Trial court proceedings were stayed pending the outcome of this appeal.

ANALYSIS

In its order denying the defendants' motion for reconsideration, the two-part question posed by the trial court was "[w]hether the public policy factor favoring adjudication of controversies on the merits is an appropriate factor for consideration in objectively determining whether the plaintiff exercised reasonable diligence to obtain service on defendant(s), and even if so, whether the trial court abused its discretion in denying defendants' motion to dismiss for lack of diligence pursuant to Supreme Court Rule 103(b)."[1] As to the first part of the trial court's question, we review a

---

[1] Questions certified under Supreme Court Rule 308 are restricted to questions of law. *Brookbank v. Olson*, 389 Ill. App. 3d 683, 685, 907 N.E.2d 426, 428 (2009). Nevertheless, in the

2

question of law under a *de novo* standard of review. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57-58, 879 N.E.2d 910, 918 (2007). As for the second part of the trial court's question, as correctly observed by the trial court, our review is for an abuse of discretion. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 950, 759 N.E.2d 129, 134 (2001).

We begin our analysis of the trial court's certified question with a look at Supreme Court Rule 103(b). Rule 103(b) provides, in part:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct." Official Reports Advance Sheet No. 14 (July 4, 2007), R. 103(b), eff. July 4, 2007.

Rule 103(b) does not set forth a specific time in which a defendant must be served; rather, it requires a plaintiff to exercise reasonable diligence to provide service in a timely manner. *Kole*,

interest of judicial economy, we have chosen to address both of the trial court's queries. See *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 357, 685 N.E.2d 1018, 1023 (1997) (a reviewing court may, at its discretion, go beyond the question presented to review the order giving rise to the appeal).

3

325 Ill. App. 3d at 948-49, 759 N.E.2d at 133. "The rule was adopted to effectuate the historical and constitutional mandate that justice be fairly and promptly rendered. *Kole*, 325 Ill. App. 3d at 949, 759 N.E.2d at 133. Rule 103(b) further aims to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations by filing suit before the expiration of the limitations period but taking no action to have defendants served until the plaintiff is ready to proceed with the litigation. *Kole*, 325 Ill. App. 3d at 949, 759 N.E.2d at 133. The rule's further purpose is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. *Brezinski v. Vohra*, 258 Ill. App. 3d 702, 704, 631 N.E.2d 345, 347 (1994). Notwithstanding these generalizations, dismissal of a cause with prejudice under Rule 103(b) is considered a harsh penalty. *Brezinski*, 258 Ill. App. 3d at 705-06, 631 N.E.2d at 348.

As noted by the trial court in this case, public policy in Illinois favors determining controversies according to the substantive rights of the parties. *McCormack v. Leons*, 261 Ill. App. 3d 293, 295, 634 N.E.2d 1, 2-3 (1994). For this reason, courts have held that Rule 103(b) is not to be used merely to clear a crowded docket. *Leons*, 261 Ill. App. 3d at 295, 634 N.E.2d at 3. Furthermore, although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. *Kole*, 325 Ill. App. 3d at 953, 759 N.E.2d at 136-37. After the defendant has made a case-specific *prima facie* showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. *Kole*, 325 Ill. App. 3d at 949, 759 N.E.2d at 133. Rule 103(b) is not based upon the subjective test of plaintiff's intent, but rather, upon the objective test of reasonable diligence in effecting service. *Cannon v. Dini*, 226 Ill. App. 3d 82, 86, 589 N.E.2d 653, 656 (1992).

4

As noted above, there is no specific time limitation provided by Rule 103(b); rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213, 880 N.E.2d 171, 175 (2007). Factors the trial court may consider in determining whether to allow or deny a Rule 103(b) motion include: the length of time used to obtain service of process; the activities of plaintiff; plaintiff's knowledge of defendant's location; the ease with which defendant's whereabouts could have been ascertained; actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; special circumstances that would affect plaintiff's efforts; and actual service on defendant. *Case,* 227 Ill. 2d at 212-13, 880 N.E.2d at 175. Also of significance as an indication of diligence is a plaintiff's efforts to obtain service through an alias summons. *Brezinski*, 258 Ill. App. 3d at 705, 631 N.E.2d at 348.

Based on the foregoing discussion, in answer to the trial court's first query, we consider that the policy factor favoring adjudication of controversies on the merits is not an appropriate factor for consideration in objectively determining whether a plaintiff exercised reasonable diligence to obtain service on a defendant. The case law indicates that the purpose of Rule 103(b) is to aid the trial court in the expeditious handling of suits, to protect the defendant from unnecessary delay in the service of process and prevent the circumvention of the statute of limitations. Mention is made of the policy of determining controversies according to substantive rights; however, in this regard trial courts are not to use the rule merely to clear a crowded docket. The policy is not one discussed when considering the objective factors a plaintiff must show in supporting the denial of a Rule 103(b) motion to dismiss. In fact, as noted above, it has been stated that a plaintiff may not complain where the dismissal resulted from his own lack of diligence, notwithstanding that controversies ordinarily should be resolved on their merits. For this reason, we answer the trial court's first question in the

negative.

Having discounted the public policy favoring adjudication of controversies on the merits as an objective Rule 103(b) factor, we now consider whether the trial court abused its discretion in denying the defendant's Rule 103(b) motion to dismiss. Under the circumstances here, with respect to defendant Pentair, Inc., we find the plaintiff has failed to meet his burden of providing objective factors upon which the trial court may rely in denying the motion to dismiss. It is undisputed the plaintiff waited until the very day the statute of limitations expired to file suit. Furthermore, the plaintiff initially requested and attempted service on only defendant Lincoln. There was no attempt on the part of the plaintiff to serve Pentair until 13 months after the expiration of the statute of limitations, no explanation for the lengthy delay and no indication that Pentair had not always remained at the address of service in Golden Valley, Minnesota. Furthermore, except for a reference to a change in counsel, the plaintiff in this case has not given the court any indication of activity on his part during the pendency of the service that would indicate due diligence in seeking to obtain it. For these reasons, we must consider the trial court abused its discretion in denying the defendants' motion to dismiss Pentair, Inc. We reverse the trial court's order in this regard and dismiss Pentair, Inc., with prejudice.

Plaintiff's efforts to obtain service on Lincoln were more diligent. The initial attempt at service was only five months after the complaint was filed. The first summons was returned with the apparently misleading information that Lincoln was no longer located at the Golden Valley address. After obtaining new counsel, the plaintiff eventually served Lincoln with an alias summons at the Golden Valley address. That the plaintiff issued an alias summons is another factor that weighs in his favor. As we have noted, we will reverse a trial court's ruling on a Rule 103(b) motion to dismiss only if the decision is an abuse of discretion. *Kole*, 325 Ill. App. 3d at 950, 759 N.E.2d at 134. An

6

abuse of discretion occurs when a ruling is "so arbitrary, fanciful, or unreasonable that no reasonable person would take the view it adopted." *People v. Lisle*, 376 Ill. App. 3d 67, 78, 877 N.E.2d 119, 129 (2007). In the instant case, we do not believe the trial court's denial of the defendants' motion to dismiss with respect to Lincoln was so unreasonable that no reasonable person would have adopted the trial court's view. Furthermore, "we may affirm the judgment of the trial court on any basis in the record, regardless *** of whether the trial court's reasoning was correct."*Alpha School Bus Co. Inc. v. Wagner*, 391 Ill. App. 3d 722, 734-35, 910 N.E.2d 1134, 1148 (2009). As we have pointed out, the record in this case supports the trial court's ruling. For this reason, we affirm the trial court's decision with respect to Lincoln.

We are perplexed by the dissent's wanderings in the midst of a Rule 103(b) discussion into a lengthy digression concerning section 2-1301(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301(e) (West 2006)). Among the dissent's musings is the following query comparing this case with a decision based on section 2-1301(e): "How could any reasonable person agree with both of these decisions?" Slip op at 12. We are uncertain of the point of this question; we see no reason to reconcile these two cases. However, without going into a lengthy digression ourselves, we are led to emphasize the obvious: both cases represent courts of review upholding discretionary rulings. As the dissent is aware, reasonable minds may differ. We are bound to remember that the question is not whether we agree with the trial court (see *People v. Wear*, 371 Ill. App. 3d 517, 529, 867 N.E.2d 1027, 1038 (2007)), but whether the trial court's decision is "so arbitrary, fanciful, or unreasonable that no reasonable person would take the view it adopted." *Lisle*, 376 Ill. App. 3d at 78, 877 N.E.2d at 129.

For the foregoing reasons, we answer the trial court's certified question of law in the negative, and we affirm in part and reverse in part the judgment of the circuit court of Peoria County.

7

Certified question answered; affirmed in part and reversed in part.

LYTTON, J. concurs.

JUSTICE SCHMIDT, concurring in part and dissenting in part:

I concur with the majority's conclusion that the public policy favoring adjudication of controversies on the merits is not an appropriate factor for consideration in objectively determining whether plaintiff exercised reasonable diligence to obtain service on defendants.

I further agree that plaintiff's failure to issue summons for more than one year after the expiration of the statute of limitations, without any explanation for failing to do so earlier, constitutes a lack of due diligence as a matter of law and, therefore, Pentair must be dismissed with prejudice under Supreme Court Rule 103(b). However, the trial court abused its discretion with respect to Lincoln Automotive and I, therefore, dissent from the majority's finding to the contrary.

The most obvious abuse of discretion by the trial court with respect to Lincoln was to apply the wrong standard. See *People v. Ortega*, 209 Ill. 2d 354, 808 N.E.2d 496 (2004). The majority ignores this aspect of the court's exercise of its discretion. It is clear from the record that the trial court gave great weight to the public policy in favor of trying a case on its merits when deciding this motion. This is evidenced by both its comments and the certified question. If the trial judge did not find this dispositive to the exercise of his discretion, why would he certify the question? It is undisputed on appeal that in making its ruling, the trial court stated it understood the arguments raised by the parties and that Supreme Court Rule 103(b) and its interpretative case law supported defendant's position, but expressed its preference that controversies be decided on the merits rather than on the basis of lack of due diligence in obtaining service of process. Our supreme court has

pointed out that there is also public policy behind the adoption of Supreme Court Rule 103(b): to protect against unreasonable delay in the service of process and to prevent the circumvention of the statute of limitations. *Segal v. Sacco*, 136 Ill. 2d 282, 555 N.E.2d 719 (1990).

In *Segal*, our supreme court explained that the length of time is not the only factor a court should consider when ruling on a Rule 103(b) motion. Rather, a court must consider the passages of time in relation to all the other facts and circumstances of each case individually. The supreme court discussed various factors that a court may consider in determining whether to allow or deny a Rule 103(b) motion, including, but not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of defendant of the pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service upon the defendant. *Segal*, 136 Ill. 2d at 286-87.

On what facts could the trial court determine that plaintiff exercised due diligence in service on Lincoln Automotive after the running of the statute of limitations? The initial summons on Lincoln was issued more than four months after the expiration of the statute of limitations with absolutely no explanation for this delay. How can a trial court find that plaintiff acted diligently when plaintiff offered no explanation for the 4½-month delay in issuing summons against Lincoln after the expiration of the statute of limitations? That alone should end the discussion. However,

9

the first alias summons was issued approximately eight months after the return of service on the initial summons with only the explanation that there had been a change of counsel. It was never explained exactly when counsel was substituted.

The majority states that the first summons issued to Lincoln "was returned with the apparently misleading information that Lincoln was no longer located at the Golden Valley address." Slip op. at 6. This statement is in itself misleading. The unserved summons was returned with the notation: "Return - Moved; Lincoln Automotive is no longer owned by Pentair. Apossibble [*sic*] phone number is #866-236-0044, May also be known as Century Mfg." There is no suggestion that this was false. When service was attempted again eight months later at the same address, someone at Pentair apparently determined that Pentair owned Lincoln at the time alleged in the complaint and voluntarily accepted service on behalf of Lincoln, which was not located at that address. There was nothing misleading about the statement contained on the returned summons.

Let us look at the other side of this coin. What happens when a defendant is defaulted and then comes to court with a 2--1301(e) motion to vacate a default judgment? Note that a 2--1301(e) motion must be filed within 30 days of a default. After that, we move to section 2--1401.

In the recent case of *Jacobo v. Vandervere*, Nos. 2--08--1104, 2--10--0192 cons. (May 19, 2010), the appellate court affirmed refusal to vacate a default judgment entered in favor of plaintiff. The basic facts were as follows: Plaintiff filed her complaint on June 8, 2008, and personally served defendant with summons on June 27, 2008. A return date of July 16, 2008, was continued to July

10

23, 2008. When defendant failed to appear on July 23, the court entered a default order and the case was continued to August 6, 2008, for prove up. Defendant did not appear on August 6, 2008, and following a prove up, a default judgment was entered in favor of plaintiff in the amount of $10,219. Twenty days after the default judgment was entered and only two months after being served with summons, defendant filed a motion to vacate the default judgment. The trial court found that defendant failed to establish any good cause for her failure to appear and therefore denied the motion to vacate, noting the defendant failed to establish that she "had any valid reason for ignoring the three initial court dates and for taking no action from June 27, 2008, until August 26, 2008." *Jacobo v. Vandervere*, Nos. 2--08--1104, 2--10--0192 cons., slip op. at 3 (May 19, 2010); see also *Domingo v. Guarino*, 2--09--0852 (June 25, 2010).

The appellate court found that the proper standard of review was abuse of discretion and found that the trial court did not abuse its discretion in refusing to vacate the default judgment because defendant had done nothing for two months after being served and provided no explanation for the inaction during those two months. How could any reasonable person agree with both of these decisions? In one case, a defendant does nothing for two months and is defaulted. In another case, a plaintiff does nothing for over four months without any explanation and is not "defaulted." The majority has a good argument that this discussion is irrelevant to our decision here. I add this to point out that reasonable people could conclude that there is a double standard in the way our courts evaluate the diligence of plaintiffs and defendants when deciding whether to dispose of a case on

11

something other than the merits. I recognize that different trial judges will exercise their discretion in different ways. However, there must be some objectivity.

I would answer the second half of the certified question in the affirmative, finding an abuse of discretion by the trial court in using the wrong standard to make its decision. *People v. Ortega*, 209 Ill. 2d 354, 360 (2004). It is also my view that doing nothing for four months with absolutely no excuse and after filing a lawsuit on the eve of the expiration of the statute of limitations constitutes a lack of due diligence as a matter of law. This is even more true here where plaintiff was given an opportunity to explain the inaction for that period and offered nothing. Since plaintiff offered no facts upon which the court could find due diligence, the trial court's decision to the contrary should be reversed as a matter of law.

The majority offers the legal maxim that we may affirm the judgment of the trial court on any basis in the record regardless of whether the trial court's reasoning was correct. Slip op. at 7. This is certainly true where the trial court's ruling below was correct as a matter of law. We do not know how the trial court would have ruled had it applied the appropriate standard. Again, the fact that the trial judge certified the question before us suggests he might have ruled differently. At the very least, the matter should be reversed and remanded for the trial court to address the Rule 103(b) motion as to Lincoln and to properly exercise its discretion using the appropriate standard. The majority has found that the trial court applied the wrong standard and yet affirms the trial court. I submit that the majority can only do this by exercising its discretion to resolve the issue. The discretionary call at

issue here is to be made by the trial court, not the appellate court. When the trial court uses the wrong standard in exercising its discretion, the remedy is to remand to allow the trial court to exercise its discretion using the proper standard. *People v. Longoria*, 375 Ill. App. 3d 346, 351, 872 N.E.2d 1083, 1087 (2007).

For the foregoing reasons, I dissent from that portion of the majority decision which affirms the trial court's denial of defendant Lincoln's Rule 103(b) motion..