2024 IL App (1st) 231868-U

No. 1-23-1868

Order filed June 28, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANTHONY RIZZUTO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M5 4642 |
| | ) | |
| ALISON SOJA, | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of this case pursuant to Illinois Supreme Court Rule 103(b) over plaintiff's contention that his original attorney's misconduct in other, unrelated cases constitutes "special circumstances" that excuse plaintiff's delay of more than two years and four months in serving defendant.

¶ 2    Plaintiff Anthony Rizzuto appeals from the circuit court's order dismissing this case with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. Jul. 1, 2007), which was based on Rizzuto serving defendant Alison Soja more than two years and four months after this case was

filed. Rizzuto argues that his delay in serving Soja was the product of "special circumstances;" namely, his original attorney's professional misconduct in other, unrelated cases.[1] For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Rizzuto filed his complaint on November 2, 2020, alleging motor vehicle negligence against Soja arising out of a November 2, 2018, traffic collision in Will County. Rizzuto was originally represented by attorney Thomas Kantas. The clerk of the circuit court issued a summons for Soja on November 2, 2020. The parties agree that Rizzuto never served that original summons upon Soja. On January 6, 2021, an alias summons was issued and the court appointed a special process server. Rizzuto did not serve the alias summons upon Soja either. Over the following two years, the circuit court held several status hearings, some of which Kantas attended. Several status hearings in 2021 related to supposed settlement discussions. The case was stricken off the court's call at least twice in 2022.

¶ 5      On January 27, 2023, Rizzuto filed a motion for substitution of counsel. The motion did not identify a basis for Rizzuto's change in counsel and did not allege misconduct against Kantas. The circuit court granted the motion and Kantas was replaced by attorney Peter Papoutsis. On February 21, 2023, Rizzuto filed a motion to appoint a special process server, which the circuit court also granted. An alias summons for Soja issued on March 10, 2023, and Rizzuto served Soja on March 13 or 14, 2023.[2]

---

[1]Rizzuto's opening brief occasionally uses "her" to refer to Rizzuto. We presume these are typographical errors.

[2]The affidavit of service includes both dates. Whether Soja was served on March 13 or 14 does not affect our analysis of this issue.

¶ 6    Soja filed a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) (eff. Jul. 1, 2007). She argued that Rizzuto did not exercise due diligence in serving her because she was served more than two years and four months after Rizzuto filed his complaint and the statute of limitations expired. Rizzuto argued that "special circumstances" affected his efforts to serve Soja. Rizzuto claimed that Kantas "failed to act with reasonable diligence and promptness in representing [him] and intentionally lied to [him] about the status of his case and hid the fact that he did nothing to actively prosecute his personal injury matter against Defendant Alison Soja." Rizzuto claimed that when he discovered Kantas's "fraudulent concealment of the status of his case *** he immediately fired Attorney Kantas" and replaced him with Papoutsis. In addition, Rizzuto argued that the delay in service did not prejudice Soja because both parties still had access to police reports and medical records related to the motor vehicle collision.

¶ 7    Rizzuto attached to his response a statement of charges filed in our supreme court by the Attorney Registration and Disciplinary Commission (ARDC) against Kantas on May 22, 2023. The ARDC accused Kantas of violating the Illinois Rules of Professional Conduct in six cases involving five clients, none of whom were Rizzuto. The ARDC alleged that Kantas failed to act with reasonable diligence in those cases, failed to serve defendants, failed to keep his clients apprised of the status of their cases, made false statements to courts, and created false documents with forged court stamps. The ARDC's statement of charges did not mention Kantas's representation of Rizzuto in this or any other case. Rizzuto also submitted a motion that Kantas

filed requesting that the supreme court strike his name from the roll of attorneys. According to the ARDC website, Kantas was disbarred by consent in September 2023.[3]

¶ 8 The circuit court granted Soja's motion and dismissed the case with prejudice pursuant to Rule 103(b). The court's written order does not state its reasons for granting the motion and the record on appeal does not contain any reports of proceedings.

¶ 9 Rizzuto timely appealed.

¶ 10                                                    II. ANALYSIS

¶ 11 Rizzuto argues that the circuit court abused its discretion by dismissing this case pursuant to Rule 103(b). As he did in the circuit court, Rizzuto contends that "special circumstances" excuse his delay in serving Soja. Specifically, Rizzuto claims that Kantas concealed the fact that he was not performing any meaningful work on this case and that when Rizzuto discovered Kantas's misconduct, he immediately fired Kantas and hired an attorney who promptly served Soja. Rizzuto bases these allegations on the ARDC's statement of charges against Kantas and his eventual disbarment.

¶ 12 Illinois Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim

_____

[3]We can take judicial notice of information on the ARDC website. See *BAC Home Loans Servicing v. Popa*, 2015 IL App (1st) 142053, ¶ 21.

against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances." Ill. S. Ct. R. 103(b) (eff. Jul. 1, 2007).

¶ 13 A defendant who moves for dismissal pursuant to Rule 103(b) must make a *prima facie* showing that the plaintiff did not exercise reasonable diligence in effectuating service after filing the complaint. *Ollins v. Karl*, 2022 IL App (1st) 220150, ¶ 35. If the time between the filing of the complaint and the date of service suggests a lack of due diligence, the burden shifts to the plaintiff to provide an explanation for the delay in service. *Id.* In deciding whether the plaintiff has met that burden, a court may consider factors such as (1) the length of time used to obtain service of process, (2) the plaintiff's efforts to effect service, (3) whether the plaintiff knew where the defendant could be served, (4) whether plaintiff could have easily obtained information about the defendant's location, (5) whether the defendant was aware of the lawsuit, (6) any special circumstances bearing on the reasonableness of the plaintiff's efforts to serve the defendant, and (7) actual service on the defendant. *Id.* ¶ 46. "The standard under the rule is objective and the fact that the delay in effecting service may not have been intentional is not determinative." *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 21. That said, dismissal with prejudice pursuant to Rule 103(b) is "a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." (Internal quotation marks omitted.) *Segal v. Sacco*, 136 Ill. 2d 282, 288 (1990).

¶ 14    We review a circuit court's dismissal of a case pursuant to Rule 103(b) for an abuse of discretion. *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1044 (2009) (citing *Segal*, 136 Ill. 2d at 286). An abuse of discretion occurs when the court's decision is unreasonable or arbitrary or where no reasonable person would agree with it. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 15    Rizzuto served Soja more than two years and four months after filing his complaint. Such a delay in service constitutes a *prima facie* showing of failure to exercise reasonable diligence. Illinois courts have "held that a delay of four to five months between the filing of the complaint and subsequent service is sufficient to establish a *prima facie* showing of failing to diligently effect service." *Ollins*, 2022 IL App (1st) 220150, ¶ 37. In this case, the delay in serving Soja was approximately 28 months, seven times longer than the delay described in *Ollins*. Therefore, the burden shifted to Rizzuto to provide an explanation for his delay in serving Soja. See *id.* ¶ 35.

¶ 16    Rizzuto's explanation for the 28-month delay in service focuses exclusively on "special circumstances," the fifth factor in the Rule 103(b) analysis. See *id.* ¶ 46. Special circumstances under Rule 103(b) include difficulty locating defendants and defendants' purposeful avoidance of service (*Connaughton v. Burke*, 46 Ill. App. 3d 602, 606 (1977)), the existence of a bankruptcy stay (*Kincaid v. Ames Department Stores, Inc.*, 283 Ill. App. 3d 555, 563-64 (1996)), withholding service to pursue settlement negotiations (*McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1043-44 (2006)), and the pendency of a supreme court decision that could dispose of the plaintiff's claim (*Mohr v. Targeted Genetics, Inc.*, 690 F. Supp. 2d 711, 721-22 (C.D. Ill. 2010)). No such circumstances are present in this case.

¶ 17    Nevertheless, Rizzuto claims that "special circumstances" exist because his first attorney, Kantas, "intentionally lied to [Rizzuto] about the status of his case, abandoned his case in that he

did no work on his case, and hid the fact that he did nothing to actively and timely prosecute his personal injury matter." Even assuming that Rizzuto's claims about Kantas are true, "[a] litigant is generally bound by the mistakes or negligence of [his] counsel." *R.M. Lucas Co. v. Peoples Gas Light and Coke Co.*, 2011 IL App (1st) 102955, ¶ 18. Illinois courts have expressed skepticism that attorney inattention to a case can constitute "special circumstances" to avoid dismissal pursuant to Rule 103(b). See, *e.g.*, *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 31 (plaintiff's counsel's illness and the sudden death of a colleague resulting in an increased workload did not justify several months in which the defendant could have been served but was not); *Gutierrez v. Quail Run Apartment Owners Ass'n*, 2024 IL App (3d) 230142-U, ¶ 49 (counsel's health issues that impacted service were "of limited value in establishing special circumstances.").[4] One division of this court has found that special circumstances existed when the plaintiff's attorney left a law firm and the firm inadvertently failed to serve the defendant in the following months while operating shorthanded. *Brezinski v. Vohra*, 258 Ill. App. 3d 702, 705 (1994).[5] However, the court noted that the plaintiff responded to six motions to dismiss filed by other defendants during that time, showing that the "plaintiff was not idly ignoring his case." *Id.* In this case, the record does not reflect such diligent activity. At most, it reflects Kantas attending a handful of status hearings. We also question whether *Brezinski*'s focus on the inadvertent nature of the failure to serve the defendant was proper. More recently, this court has explained that "even [an] inadvertent and unintentional" delay in serving a defendant does not avoid "the reasonable diligence requirement in Supreme Court Rule 103(b)" because that requirement "is not based on a subjective test of

---

[4]We may cite unpublished decisions issued after January 1, 2021, as persuasive authority. Ill. S. C. R. 23(e)(1) (eff. Feb. 1, 2023).

[5]Rizzuto does not cite *Brezinski*, so he has forfeited any argument that *Brezinski* should govern the outcome of this case. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited").

plaintiff's intent but rather upon the objective test of reasonable diligence in effectuating service." *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007).

¶ 18    What is decisive is that the record does not support Rizzuto's claims of professional misconduct by Kantas *in this case*. In fact, Rizzuto's description of the record on this point is misleading. His opening brief claims that

> "Kantas has admitted to the Attorney Representation [*sic*] and Disciplinary Commission (*i.e.*, ARDC) that he not only failed to prosecute the Plaintiff-Appellant's personal injury cause of action, as well as many others of his client's [*sic*] cases, but intentionally and fraudulently concealed from the Plaintiff-Appellant that his case was stricken and inactive for more than two (2) years and that during those more than two (2) years he failed to secure service of process over the Defendant-Appellee (C 94-C 102). Rather, Attorney Kantas falsely told the Plaintiff-Appellant that the Court had issued a large and substantial money judgment in his favor, as he falsely told this to all of his clients, and that the Defendant-Appellee had appealed the award (C 94-C 102). Further, Attorney Kantas created false circuit court orders, forged court-entered stamps, created false documents and created a false appellate court case. *Attorney Kantas sent all these false documents to Plaintiff in order to mislead Plaintiff about the status of his case.* (C 94-C 102)." (Emphasis in original.)

This paragraph is untrue. Pages 94 through 102 of the common law record consist of the ARDC charges against Kantas and Kantas's motion to voluntarily strike his name from the roll of attorneys. These documents say *nothing* about Kantas's representation of Rizzuto in this or any other case. They address Kantas's misconduct in representing other clients, who are identified by

name, and none of whom are Rizzuto. Rizzuto could, perhaps, properly *infer* that what happened in this case is similar to what happened in the cases that led to Kantas's disbarment, *i.e.*, that Kantas did essentially no work and lied to Rizzuto about it. However, it is not acceptable for Rizzuto to claim that Kantas admitted misconduct *in this case* to the ARDC. That did not happen. Rizzuto has presented no evidence of his communications with Kantas or of the false documents he claims Kantas created in this case. Accordingly, Rizzuto has failed to substantiate his claim of "special circumstances" based on his attorney's negligence.

¶ 19    The other Rule 103(b) factors supported the circuit court's dismissal of this case. Rizzuto filed his complaint on the day the statute of limitations expired. See *Bouloute v. Carrillo*, 2024 IL App (1st) 220454-U, ¶ 2 (statute of limitations for motor vehicle negligence is two years). Thereafter, Rizzuto did not place summonses with the sheriff or a process server, in violation of his "nondelegable duty to deliver summons to the sheriff and to ensure that a prompt and proper return was made." See *Kole v. Brubaker*, 325 Ill. App. 3d 944, 953 (2001). It took Rizzuto more than two years and four months to effectuate service of process. The home address at which Soja was eventually served has been available to Rizzuto since the beginning of this case; it was included on the original summons issued for Soja. Altogether, the record offers no explanation for why Soja was not served until almost two and a half years after this case was filed. See *Emrickson v. Morfin*, 2012 IL App (1st) 111687, ¶¶ 24-25 (the court considers the plaintiff's activities in light of all the facts of the case). That is not sufficient to avoid dismissal pursuant to Rule 103(b).

¶ 20    Rizzuto also argues that Soja failed to establish that the delay in service of process prejudiced her. We disagree. Although documentary evidence related to the vehicle collision, such as police reports and medical records, may still exist, it is virtually certain that the parties' and

witnesses' memories have faded in the nearly six years since the incident. A police report in the record states that a third vehicle was involved in the collision, so there is at least one witness whose memory has likely diminished due to the passage of time. Furthermore, as Soja correctly notes, section 2-1303(c) of the Code of Civil Procedure (735 ILCS 5/2-1303(c) (West 2020)) allowed her to potentially avoid prejudgment interest by offering to settle the case within a year of the filing of the complaint, but that opportunity has passed due to the delay in service. And, even if Soja had not been prejudiced by the delay in service, "a lack of prejudice to the defendant [does] not necessarily preclude a dismissal under Rule 103(b)." See *Womick v. Jackson County*, 137 Ill. 2d 371, 377 (1990). On the contrary, Rule 103(b) expressly authorizes dismissal with prejudice when, as here, the delay in service of process occurred after the statute of limitations expired. Ill. S. Ct. R. 103(b) (eff. Jul. 1, 2007).

¶ 21    Additionally, Rizzuto argues that the circuit court "never articulated any of the Rule 103(b) factors or expressed any consideration of how they related to the facts of this particular case." While the circuit court's written order does not address the Rule 103(b) factors, we do not know whether the court discussed those factors orally because Rizzuto has not provided any reports of proceedings. As the appellant, Rizzuto has the burden to provide a complete record on appeal to support his claims of error, and we resolve any doubts arising from an incomplete record against him. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We presume that the circuit court considered and properly applied the Rule 103(b) factors. This case is not, as Rizzuto contends, like *Silverberg v. Haji*, 2015 IL App (1st) 141321, in which the reports of proceedings affirmatively established that the circuit court did not consider the Rule 103(b) factors before granting the defendant's motion to dismiss. *Id.* ¶¶ 25-27, 37.

¶ 22    Most of the other cases that Rizzuto cites support affirming dismissal pursuant to Rule 103(b). See, *e.g.*, *Kole*, 325 Ill. App. 3d at 946; *Emrikson*, 2012 IL App (1st) 111687, ¶ 1; *Mayoral v. Williams*, 219 Ill. App. 3d 365, 366 (1991). While *Licka v. William A. Sales, Ltd.*, 70 Ill. App. 3d 929 (1979), reversed the circuit court's dismissal pursuant to Rule 103(b), that case involved only a 13-month delay in serving the defendant (less than half the delay in this case) and did not involve any claims of attorney misconduct. *Id.* at 937-38. Accordingly, we find that the circuit court did not abuse its discretion in granting Soja's motion to dismiss pursuant to Rule 103(b).

¶ 23                     III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.