NO. 4-08-0322          Filed 12/19/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| KENNETH W. HAWKS, | ) | No. 06CF1625 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In October 2006, defendant, Kenneth W. Hawks, was charged with driving under the influence (DUI) of alcohol (625 ILCS 5/11-501(c-1)(3) (West 2006)). A jury trial was set for January 2008. After the trial court granted defendant's motion for a mistrial and the original judge recused himself, defendant filed a motion to dismiss on double-jeopardy grounds. The second judge denied defendant's motion to dismiss. Defendant appeals, arguing the second judge abused his discretion in denying defendant's motion to dismiss. We affirm.

I. BACKGROUND

In July 2006, the State charged defendant with DUI. Defendant elected to have a jury trial, which was set for January 2008 before Judge Chase Leonhard. Before voir dire began, defendant requested the trial court order the State to disclose the criminal histories of the potential jurors. Judge Leonhard

examined in camera the State's list of jurors, and to protect the State's work product, he revealed only the criminal histories of the potential jurors.  The following day, Champaign County First Assistant State's Attorney Steve Ziegler, who was not directly involved with the trial, approached Judge Leonhard while he was on the bench and asked to speak to him in chambers.  At a hearing the following morning, the judge apprised the parties of the events in his chambers as follows:

> "[T]his morning at roughly 8:30 [a.m.], the First Assistant State's Attorney approached me and asked to speak with me in chambers.  And upon entering chambers, he said to me words to this effect, 'I under-stand you ordered Ms. Clark yesterday to produce one of our files in court.' *** So when I told Mr. Ziegler, the First Assistant, that I had simply ordered the production of a file and reviewed it in[]camera[,] he said, and I quote, 'well, I know what's in those files,' at which point I interjected that if he was endeavoring to comment to me about the merits of a ruling that I had made in a case that was pending, anyplace other than in court, then the conversation was inappropri-

ate and it wasn't going to continue.  And the

conversation stopped there."

Defendant moved for a mistrial; over the State's objection, Judge

Leonhard granted the motion and recused himself.  In February

2008, defendant filed a motion to dismiss on double-jeopardy

grounds.  In April 2008, Judge Thomas Difanis denied defendant's

motion to dismiss and reassigned the case for further proceed-

ings.

This appeal followed.

## II. ANALYSIS

On appeal, defendant contends the trial court abused

its discretion in denying his motion to dismiss on double-jeop-

ardy grounds.  Specifically, he argues the State intended to goad

defendant into requesting a mistrial when Ziegler engaged in ex

parte discussions with Judge Leonhard.  We disagree.

### A. Standard of Review

We review the trial court's denial of a motion to

dismiss on double-jeopardy grounds for an abuse of discretion.

People v. Campos, 349 Ill. App. 3d 172, 175, 812 N.E.2d 16, 19

(2004).

### B. Double Jeopardy

Both the United States and the Illinois Constitutions

protect a criminal defendant from successive prosecutions for the

same offense.  U.S. Const., amend. V; Ill. Const. 1970, art. I,

§10.  "The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy."  210 Ill. 2d R. 604(f).  Double jeopardy will not bar a retrial unless a prosecutor actually intended for his misconduct to cause defendant to seek a mistrial.  People v. Nelson, 193 Ill. 2d 216, 221, 737 N.E.2d 632, 635 (2000).

Retrial is forbidden where the necessity for a mistrial stems from prosecutorial overreaching and not merely prosecutorial error.  People v. Pendleton, 75 Ill. App. 3d 580, 593, 394 N.E.2d 496, 506 (1979).  "Overreaching" is defined as conduct intended to prejudice the accused or result in a mistrial.  Pendleton, 75 Ill. App. 3d at 593, 394 N.E.2d at 506.  We can infer the State's intent from objective facts and circumstances.  People v. Tate, 317 Ill. App. 3d 272, 279, 739 N.E.2d 617, 623 (2000).

Defendant argues his motion to dismiss should have been granted because Ziegler intended to goad defendant into moving for a mistrial.  We disagree because the record does not support the necessary showing of prosecutorial overreaching.  Judge Leonhard, the only party to the conversation with Ziegler, could not determine Ziegler's motivation for the ex parte communication.  Judge Leonhard told the jury, "I'm not necessarily implying any misconduct or improper motivation on the part of this Assistant State's Attorney.  I don't know what his motiva-

- 4 -

tion was."  The State's objection to defendant's request for a mistrial further belies defendant's claim the State wanted a mistrial.

For purposes of comparison, defendant cites Campos and People v. Gustafson, 194 Ill. App. 3d 910, 551 N.E.2d 826 (1990), as examples of misconduct found to be merely inadvertent mistakes.  While Ziegler's conduct may be more reprehensible than eliciting improper testimony from a witness or referring to inadmissible evidence, we do not find the surrounding circumstances establish prosecutorial overreaching.  Here, Ziegler may be deemed to have violated the Illinois Rules of Professional Conduct when he communicated ex parte with Judge Leonhard.  See 134 Ill. 2d R. 3.5(i).  However, we find unconvincing defendant's argument a high-ranking prosecutor would risk ethics sanctions and his reputation for the possibility of a mistrial on a two-year-old DIU case.  Unlike Campos and Gustafson, the misconduct in this case did not occur in the presence of the trier of fact, making it less likely to affect the outcome of the trial. Further, the State could not be sure defendant would move for a mistrial as any resulting prejudice on the judge's part could potentially favor defendant.

We agree with Judge Difanis's assessment of Ziegler's conduct.  "What we have here is totally inappropriate contact by the State with the trial judge, literally in the middle of

trial." However, we also agree Ziegler's conduct did not amount to overreaching. Thus, we conclude the trial court did not abuse its discretion in denying defendant's motion to dismiss on grounds of former jeopardy.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH P.J., and TURNER, J., concur.