2021 IL App (2d) 210570-U
No. 2-21-0570
Order filed May 24, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-920 |
| CODY L. S., | ) ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: After the trial court declared a mistrial because one of the prosecutors had a potential conflict of interest, the court did not abuse its discretion in refusing to dismiss the case on double-jeopardy grounds where the court found that the State did not assign the prosecutor to the case with the intent to goad the defense into seeking a mistrial over the conflict.

¶ 2    Defendant, Cody L. S., was indicted on two counts of aggravated domestic battery (720 ILCS 5/12-3.05(b)(1), 3.3(a) (West 2018)). The trial court granted defendant's motion for a mistrial after he informed the court that (1) he and a key prosecution witness, Brittany F., were previously involved in a child-protection case and (2) one of the assistant state's attorneys in the

present case represented Brittany in the child-protection case." He appeals the court's denial of his subsequent motion to dismiss the indictment based on double jeopardy. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The State charged defendant with aggravated domestic battery for causing serious injury to his son, J.S.

¶ 5      Assistant State's Attorney Lark Cowart was one of the prosecutors at defendant's trial. After the jury was sworn and opening statements given, the State presented testimony from J.S.'s mother, Brittany. Following Brittany's testimony, defense counsel informed the court that defendant and his mother reported that Cowart had previously represented Brittany in an underlying child-protection case. That case resulted in Brittany gaining custody of J.S. Defendant was a party to that case and had separate counsel. At the time, Cowart was in private practice, and the case had terminated before her employment as an assistant state's attorney. Cowart told the court that she never spoke to defendant and that her conversations with Brittany were not about defendant.

¶ 6      The trial court found not a *per se* conflict, but a potential conflict as Cowart might become a witness based on her conversations with Brittany. As a result, defense counsel asked for a mistrial, arguing that his request was attributable to the State's conduct. The following colloquy then occurred:

>           "THE COURT: Why wasn't the court illuminated before jury selection on this
>    issue?
>
>           MR. ENGERMAN [(ASSISTANT STATE'S ATTORNEY)]: Judge, quite frankly,
>    we didn't believe it was an issue.

THE COURT: But Mr. Engerman, you know how careful I have been on this case. I have tried—I have bent over backwards to make sure everybody knows exactly what I have done with the [defendant's] family over the years. I was very concerned about it.

I will be up front. It's not your decision to decide if there is a problem or not. It's this court's decision.

And if this wasn't discussed with the higher-ups, shame on everybody.

And, quite frankly, if the defense found out about this yesterday before I swore in a jury, shame on you. You don't have to get permission from the family to bring up a potential conflict. You represent [defendant]. You don't represent [defendant's mother]. And if you knew about this yesterday, I should have known about it before I swore a jury in and potentially now have a Fifth Amendment issue if I declare a mistrial.

MR. COHEN [(DEFENSE COUNSEL)]: If I could speak to that, please, sir. I believed that it was strategy to have the jury sworn in and I believe—

THE COURT: Yes. That's wrong strategy. That is called taking the power of this court and not letting the court know what is going on when it should. And if you did that and you ever do that again, I will hold you in contempt of court.

MR. COHEN: Yes, sir.

THE COURT: Because that is absolutely wrong. That is called sleazy defense maneuvering. It really is. To put the court in that position is absolutely uncalled for.

***

So help me, if you ever pull that maneuver again with another court, I hope they lock you up."

¶ 7    The State opposed a mistrial and sought to continue the trial without Cowart present. However, defendant refused to waive any conflicts, and the court granted the motion for a mistrial.

¶ 8    Defendant next moved to dismiss the indictment based on double jeopardy. Defendant argued that the State had goaded him into moving for a mistrial because the State could have used against him what it learned from Cowart's representation of Brittany. The State responded that its failure to inform the court was an "oversight" and a "mistake" and not an attempt to gain an advantage over defendant. The State noted that the defense strategically waited until after jeopardy attached to notify the court, and this "calculated inaction" made the mistrial attributable to the defense.

¶ 9    The court denied the motion to dismiss the indictment because, while the State acted negligently, the defense essentially admitted to manipulation by strategically waiting to disclose the potential conflict. Thus, the court found that the State "did not intentionally goad the defendant into moving for a mistrial." Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant contends that the trial court abused its discretion in denying his motion to dismiss on double-jeopardy grounds. Specifically, he argues that the State intended to goad him into requesting a mistrial by proceeding to trial when it was aware that one of its attorneys had inside knowledge of the case.

¶ 12    The United States and Illinois Constitutions protect a criminal defendant from successive prosecutions for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. Illinois Supreme Court Rule 604(f) (effective July 1, 2017) provides that a defendant may appeal "the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy."

¶ 13    In moving for a mistrial, a defendant deliberately chooses to forgo his right to have his guilt or innocence determined by the first trier of fact. *People v. Bennett*, 2013 IL App (1st) 121168, ¶ 15; *People v. Longoria*, 375 Ill. App. 3d 346, 350 (2007). "For double jeopardy principles to bar a retrial, the prosecutor must actually engage in conduct intended to cause a defendant to seek a mistrial." *Bennett*, 2013 IL App (1st) 121168, ¶ 16 (citing *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982)). "A prosecutor's harassment, overreaching, or bad faith does not suffice." *Id.* "Double jeopardy attaches only when 'the prosecutor's actual intent was to " 'goad' " the defendant into moving for a mistrial,' a rare circumstance." *Id.* (quoting *People ex rel. City of Chicago v. Hollins*, 368 Ill. App. 3d 934, 942, (2006)). The inquiry is not about what the prosecutor did but only why the prosecution did it. *Id.* Unless the State is trying to abort the trial, a prosecutor's misconduct, even if intentional, will not bar retrial. *United States v. Oseni*, 996 F.2d 186, 188 (7th Cir. 1993). It does not matter that the State knows that it is acting improperly, provided that the State aims to get a conviction. *Id.* The relevant intent is the intent to terminate the trial, not the intent to prevail at the trial by impermissible means. *Id.*

¶ 14    We review for an abuse of discretion a trial court's ruling on a motion to dismiss charges on double-jeopardy grounds. *Bennett*, 2013 IL App (1st), 121168, ¶ 17; see also *People v. Campos*, 349 Ill. App. 3d 172, 174-75, (2004) (discussing and rejecting use of *de novo* standard). A trial court is charged with determining the factual question of the prosecutor's intent and is in a far better position than an appellate court to ascertain that intent. *Bennett*, 2013 IL App (1st), 121168, ¶ 17. " 'An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it.' " *Id.* (quoting *People v. Rivera*, 2013 IL 112467, ¶ 37).

¶ 15    Defendant contends that the State acted intentionally in that it knowingly tried to gain an advantage by assigning to the case a prosecutor who had inside information about him. However, such conduct does not rise to the level of provoking the defense into requesting a mistrial. "As the United States Supreme Court observed in *Kennedy*, 456 U.S. at 674 '[e]very act on the part of a rational prosecutor during a trial is designed to " 'prejudice' " the defendant by placing before the judge or jury evidence leading to a finding of his guilt.' " *Id.* ¶ 18.

¶ 16    Defendant also suggests that, upon discovery of Cowart's potential conflict, the State would have wanted a mistrial to avoid impeachment of its key witness, Brittany. This speculation falls far short of establishing that the State assigned Cowart with the intent to provoke the defense into requesting a mistrial. On the contrary, the State told the  court that it initially failed to bring the matter to the court's attention because it did not think it was important. The State then opposed a mistrial and sought to continue the trial without Cowart present. Those actions belie defendant's claim that the State wanted a mistrial. See *People v. Hawks*, 386 Ill. App. 3d 844, 846 (2002).

¶ 17    Meanwhile, defendant admitted that, as a matter of strategy, he waited until the trial had started to seek a mistrial. This admission established that defendant's own actions were a cause of the mistrial. Thus, the  court expressly rejected the contention that the State placed Cowart on the case to goad the defense into requesting a mistrial. That finding was well supported. Accordingly, the court did not abuse its discretion in denying the motion to dismiss the indictment based on double jeopardy.

¶ 18                                III. CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 20    Affirmed.