2024 IL App (1st) 231867-U

SIXTH DIVISION

August 16, 2024

No. 1-23-1867

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MELTEM TURELI, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2021 M5 003808 |
| | ) | |
| ESTHER MARTINEZ, | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____


JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.


**ORDER**

¶ 1    *Held:*    We affirm the circuit court's dismissal of appellant's complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) because appellant failed to provide a sufficient record for review of the claim of special circumstances.

¶ 2    Appellant Meltem Tureli appeals from the circuit court's dismissal of her complaint under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for failure to diligently serve process on appellee Esther Martinez. Tureli argues the court abused its discretion by not sufficiently weighing her special circumstances. We affirm.

¶ 3                                    BACKGROUND

¶ 4    On July 29, 2021, Tureli, though counsel Thomas Kantas, filed her complaint against Martinez, alleging in relevant part that Martinez negligently caused a collision between her vehicle and Tureli's vehicle on July 29, 2019. A summons was issued that same day.

¶ 5    On January 30, 2023, Tureli filed a motion for substitution of attorney, asking that new counsel Peter Papoutsis be substituted for Kantas. The circuit court granted the motion on February 17, 2023.

¶ 6    On February 21, 2023, Tureli filed a motion to appoint a special process server, stating, "Service needs to be accomplished on the Defendant immediately." The circuit court granted the motion on March 8, 2023. An alias summons was issued on March 10, 2023, and another on May 30, 2023. After several failed attempts, Martinez was served on June 4, 2023. Martinez's counsel entered an appearance on June 28, 2023.

¶ 7    On June 29, 2023, Martinez filed a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), arguing in relevant part that Tureli did not exercise reasonable diligence in serving her. Martinez explained that she was served "almost two years after plaintiff's complaint was filed and almost two years after the statute of limitations expired."

¶ 8    On July 13, 2023, the circuit court entered a briefing schedule on the motion and ruled "This matter is continued to 10/06/23 *** for hearing on the Motion to Dismiss."

¶ 9   On August 14, 2023, Tureli responded, arguing in relevant part that the circuit court had to consider the totality of the circumstances in determining whether dismissal was appropriate, and here the special circumstance of Kantas' conduct excused the delay in service. Specifically, Tureli claimed Kantas "intentionally lied" to her about the status of the case and "hid the fact" that he failed to serve Martinez. Tureli also argued Martinez could not show prejudice from the delayed service. Tureli attached to her response a filing by Kantas with the Illinois Supreme Court in which he moved to remove himself from the Illinois Roll of Attorneys pursuant to Illinois Supreme Court Rule 762(a) (eff. July 1, 2017). Kantas attached a "Statement of Charges" from the Attorney Registration & Disciplinary Committee (ARDC) to his motion. The Statement of Charges described Kantas' misconduct in prosecuting the cases of certain clients (not including Tureli), and included an affidavit from Kantas which, in relevant part, admitted the ARDC's "evidence would clearly and convincingly establish" the charges against him.

¶ 10   On October 6, 2023, the circuit court granted Martinez's motion to dismiss. In its written order issued that same day, the court wrote only, "This matter is dismissed with prejudice pursuant to Supreme Court Rule 103(b)." No report of proceedings or bystander's report for the October 6, 2023 proceeding is included in the record on appeal.

¶ 11   This appeal followed.

¶ 12                                    JURISDICTION

¶ 13   The circuit court dismissed the complaint on October 6, 2023, and Tureli filed her notice of appeal on October 12, 2023, giving this court jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 14                                    ANALYSIS

3

¶ 15    On appeal, Tureli claims that the circuit court erred in granting Martinez's motion to dismiss because the court did not appropriately weigh the relevant factors.

¶ 16    The circuit court dismissed the complaint based on Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Rule 103(b), titled "Dismissal for Lack of Diligence," states in relevant part:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

There is no dispute that service here occurred after the expiration of the statute of limitations.

¶ 17    The Illinois Supreme Court in *Segal v. Sacco*, 136 Ill. 2d 282, 287 (1990), explained that,

> "Different factors which a court may consider in determining whether to allow or deny a Rule 103(b) motion [to dismiss] include, but are not limited to, (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant."

A court's decision on whether to dismiss a complaint pursuant to Rule 103(b) "must be made in light of the totality of the circumstances." *Martinez v. Erickson*, 127 Ill. 2d 112, 122 (1989). We review the lower court's grant of a Rule 103(b) motion to dismiss for abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007).

¶ 18 The record shows that the parties briefed Martinez's Rule 103(b) motion to dismiss, with Tureli primarily arguing that the special circumstances of Kantas' alleged legal malpractice prevented her from timely serving Martinez. A hearing occurred on October 6, 2023, after which the circuit court granted Martinez's motion. No transcript or bystander's report is included in the record on appeal for that date, nor does the court's order describe the basis for its decision.

¶ 19 On this record, we must affirm the circuit court's decision because the record is insufficient for this court to substantively review Tureli's claim. It is well-established that an appellant must provide the reviewing court with an adequate record on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Without an adequate record, the reviewing court must presume the "order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 20 Tureli's argument is that the circuit court inappropriately weighed the relevant factors in granting Martinez's motion to dismiss, particularly the special circumstances Tureli faced due to Kantas' alleged legal malpractice. We cannot resolve this claim, however, because in the absence of a detailed written order, transcript, or bystander's report from the October 6, 2023 proceeding, we do not know what weight the court put on which factors. Accordingly, we must presume that the court's ruling had a sufficient basis in fact and was consistent with the applicable law, and affirm. *Id.*

¶ 21                                    CONCLUSION

¶ 22 For the foregoing reasons, the circuit court's dismissal of Tureli's complaint is affirmed.

¶ 23 Affirmed.