2024 IL App (1st) 231907-U

No. 1-23-1907

Order filed November 22, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KENNETH WILKEY, | ) | Appeal from the |
| | ) | Circuit Court of |
|     Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 66031 |
| | ) | |
| FOREST VIEW MOBILE HOME PARK, INC., | ) | Honorable |
| | ) | Michael B. Barrett, |
|     Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's grant of defendant's motion to dismiss under Illinois Supreme Court Rule 103(b) is affirmed where the record on appeal is insufficient to determine whether the circuit court abused its discretion in granting the motion to dismiss.

¶ 2    Plaintiff Kenneth Wilkey appeals the circuit court's grant of defendant Forest View Mobile Home Park, Inc.'s motion to dismiss pursuant to Illinois Supreme Court Rule 103(b). Ill. S. Ct. R. 103(b) (eff. July 1, 2007). The issue on appeal is whether the circuit court abused its discretion in granting Forest View's motion to dismiss despite special circumstances that prevented service of process on Forest View for over three years. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On June 12, 2017, plaintiff Kenneth Wilkey was allegedly injured by an explosion caused by a gas leak inside his mobile home. On June 11, 2019, one day before the statute of limitations expired (735 ILCS 5/13-202 (West 2018)), Wilkey filed a complaint against defendants Forest View Mobile Home Park, Inc., Northern Illinois Gas Company d/b/a Nicor Gas Company, Aaron's Inc., and Cassandra Hunt. In his complaint, Wilkey alleged that defendants' negligence caused the gas leak, explosion, and his injuries.

¶ 5       While summons were issued against the defendants, none were placed for service of process with the Cook County Sheriff's Office or a special process server. Over a period of almost four years, no alias summons were issued and the case was continued over a dozen times. In April 2023, Wilkey fired his attorney and obtained new counsel, who promptly sent out alias summons to all defendants via a special process server. Wilkey obtained service on Forest View on May 8, 2023.

¶ 6       Nicor and Aaron's filed motions to dismiss pursuant to Illinois Supreme Court Rule 103(b), which were granted. Forest View filed its own motion to dismiss pursuant to Rule 103(b), arguing that Wilkey had failed to exercise reasonable diligence in serving summons upon it. In response, Wilkey argued that there were special circumstances that justified the extensive delay in obtaining service on Forest View: the fraudulent misconduct of Wilkey's original attorney. After a hearing, the circuit court granted Forest View's motion, dismissing it from the action with prejudice pursuant to Rule 103(b). This timely appeal followed. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 7                                    II. ANALYSIS

¶ 8     Wilkey argues that the circuit court abused its discretion in granting Forest View's motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) because special circumstances justified the extensive delay in service of process on Forest View.

¶ 9     Rule 103(b) states that if a plaintiff's "failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations," then the action as to that defendant may be dismissed with prejudice. Ill. S. Ct. R. 103(b). "In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances." *Id.* Therefore, when ruling on a motion to dismiss pursuant to Rule 103(b), a court may consider factors including, but not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007).

¶ 10    "The standard used in resolving a Rule 103(b) motion is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 950 (2001). While "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty," it is justified "when the delay in service of process is of a length which denies a defendant a fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." (Internal quotation marks

omitted.) *Segal v. Sacco*, 136 Ill. 2d 282, 288 (1990). A circuit court's ruling on a Rule 103(b) motion to dismiss is reviewed for abuse of discretion. *Case*, 227 Ill. 2d at 213.

¶ 11 Wilkey argues that the circuit court's grant of Forest View's motion to dismiss was an abuse of discretion because timely service of process on Forest View was prevented by the fraudulent misconduct of Wilkey's original attorney. Additionally, Wilkey argues that the circuit court abused its discretion because it "never articulated the Rule 103(b) factors or expressed any consideration of how they related to the facts of this case." *Silverberg v. Haji*, 2015 IL App (1st) 141321, ¶ 37 (holding that the circuit court abused its discretion, in part, because while "Rule 103(b) does not require a trial court to specifically delineate the reasons for its decision, we find that the court's commentary in this case suggests that it did not actually consider the appropriate factors when deciding defendant's motion to dismiss").

¶ 12 However, the record on appeal does not include a report of proceedings for the hearing on Forest View's motion to dismiss, and we have no way of knowing which of the Rule 103(b) factors, if any, the circuit court addressed when making its decision. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings *** to support a claim of error[.]" *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Further, the common law record demonstrates that, in support of its motion to dismiss, Forest View presented the circuit court with the relevant legal standard and made cogent arguments based on all seven Rule 103(b) factors. Comparatively, Wilkey failed to

address six of the factors and only argued that special circumstances justified the extensive delay in service of process on Forest View.

¶ 13    We acknowledge that the result here visits a hardship upon Wilkey due to the conduct of his original counsel, and he may well have a remedy against his former lawyer. That attorney's misdeeds have been documented by the Attorney Registration and Disciplinary Commission. *In re Thomas Alexander Kantas*, M.R. 031805 (May 22, 2023) (statement of charges); Ill. S. Ct., M.R. 031805 (eff. Sept. 21, 2023) (disbarment upon consent). But those unfortunate circumstances do not change the outcome. See, *e.g.*, *Rizzuto v. Soja*, 2024 IL App (1st) 231868, ¶¶ 16-21 (affirming Rule 103(b) dismissal because the circuit court did not abuse its discretion in granting motion to dismiss despite plaintiff arguing that there were special circumstances involving analogous conduct by the same attorney); *Tureli v. Martinez*, 2024 IL App (1st) 231867-U, ¶¶ 19-20 (affirming Rule 103(b) dismissal in a case involving analogous conduct by the same attorney because appellant failed to provide a sufficient record on appeal to determine whether the circuit court had abused its discretion). Since we have no basis for determining whether the circuit court abused its discretion in weighing the Rule 103(b) factors, we affirm. *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶¶ 23-24; *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56.

¶ 14                                         III. CONCLUSION

¶ 15    The judgment of the circuit court of Cook County is affirmed.

¶ 16    Affirmed.